UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br>CDCR #AM-6145,<br><br>                          Plaintiff,<br><br>  vs.<br><br>RYAN BARENCHI,<br>Doctor CMO, et al.,<br><br>                         Defendants. | Case No.: 3:18-cv-00243-JLS-JLB<br><br>**ORDER:**<br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (ECF NO. 2); AND**<br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

      Plaintiff Kevin Hagan, incarcerated at Richard J. Donovan Correctional Facility ("RJD'") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.)

      Plaintiff claims RJD's Chief Medical Officer Ryan Barenchi, and three other RJD doctors (Santos, Clayton, and Mezzles), have "failed to address" his "severe pain" in violation of the Eighth Amendment in December 2014, and on other unspecified occasions in 2015, 2016, and 2017. (*Id.* at 1–3.) He seeks injunctive relief preventing retaliation and requiring "adequate pain medication," as well as $150,000 in general and punitive damages. (*Id.* at 7.)

      Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  In support of his IFP Motion, Plaintiff has submitted a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, together with a certificate of funds certified by a prison official at RJD, as required 28 U.S.C. § 1915(a)(2) and Civ. L. R. 3.2. (*See* ECF No. 3, at 1–4); *Andrews*, 398 F.3d at 1119. These documents shows Plaintiff had average monthly deposits of $25.24, an average monthly balance of $36.68 over the 6-month period preceding the filing of his Complaint, and an available balance of $10.14 at the time of filing. (*See* ECF No. 3 at 1.) Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2), and assess an initial partial filing of $7.33 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the CDCR, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Byrd v. Phoenix Police Dept.*, No. 16-16152, 2018 WL 1352916, at *2 (9th Cir. 2018) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is

'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Moreover, while the court is obliged to "construe the pleadings liberally and to afford the [plaintiff] the benefit of the doubt," *Byrd*, 2018 WL 1352916, at *2 (citing *Bretz v. Kelman*, 773 F.3d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. *Plaintiff's Allegations*

Plaintiff's claims are conclusory, and his factual allegations are practically nonexistent. However, he alleges he is in "severe pain 24/7" and was "seen by" RJD Doctors Santos, Clayton, and Mezzles on an unspecified day in December 2014, and on

other unspecified occasions over a three-year period spanning from 2015 through 2017. (*See* Compl. 1–3.) Plaintiff claims each doctor "saw" him, "refused" to prescribe "adequate pain medication," and "failed to address [his] issues." (*Id.* at 3.) Plaintiff further admits he was referred to a neurologist who "says [he] need[s] a fusion L-3-L-2 and all surgical hardware removed," but "CDCR denied," and Dr. Barenchi, RJD's Chief Medical Officer, "allowed this to go on." (*Id.* at 2, 3.)

### C. *42 U.S.C. § 1983*

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. *Eighth Amendment Medical Care*

There is no question that Defendants, all alleged to be physicians or medical personnel employed by the State of California to "provide medical services to state prison inmates, acted under color of state law for purposes of § 1983." *West v. Atkins*, 487 U.S. 42, 54 (1988).

However, only "deliberate indifference to a prisoner's serious illness or injury [will] state[] a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

First, Plaintiff must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and

wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle,* 429 U.S. at 104). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-60.

Plaintiff claims he is in "severe pain 24/7," and while he does not identify his medical condition or the source of his pain, the Court infers from his referral to a neurologist and claimed need for a "fusion" at "L-3-L-2," (*see* Compl. 3), that Plaintiff suffers from back pain, for which he has already undergone, or claims to require, surgical intervention. (*Id.*) Thus, the Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that Plaintiff's medical need is sufficiently and objectively serious. *See Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)), *Asberry v. Beard*, No. 13CV2573 WQH JLB, 2014 WL 3943459, at *4 (S.D. Cal. Aug. 12, 2014) (finding allegations of chronic lower back pain severe enough to compromise prisoner's ability to "walk any distance" without "collaps[ing]" sufficient to allege an objectively serious medical need) (citing *McGuckin*, 914 F.2d at 1059); *Garcia v. Pido*, No. 1:11-CV-0972-LJO-JLT, 2013 WL 3815884, at *4 (E.D. Cal. July 22, 2013) (noting that allegations of chronic and severe pain have been recognized as serious medical conditions necessitating medical treatment); *Garner v. Hazzard,* No. 06-CV-0985, 2008 WL 552872, at *6 (N.D.N.Y. Feb. 27, 2008) (holding that severe back pain, especially if long-lasting, can amount to a serious medical need).

However, even assuming Plaintiff's back pain was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that each Defendant he seeks to hold liable acted with "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1060; *see also Jett*, 439 F.3d at 1096.

"This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

In his Complaint, Plaintiff claims only that Defendants collectively "refused" to give him "adequate pain medication," and therefore, violated the Eighth Amendment by failing to properly "address" his issues. (*See* Compl. 2–3.) "Deliberate indifference" is a legal conclusion, however; and to the extent Plaintiff's pleading "offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,'" but no "further factual enhancement," it "will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Instead, "[d]eliberate indifference" is evidenced only when a prisoner alleges the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, while Plaintiff obviously disagrees with Defendants' assessment of his medical need for specific medication or pain management, this disagreement, without more, does not provide sufficient "factual content" to plausibly suggest that either CMO

Barenchi, or any of Plaintiff's treating physicians acted with "deliberate indifference." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it ask for more than the sheer possibility that a defendant has acted unlawfully.").

"A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow,* 681 F.3d at 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)) (internal quotation marks omitted). Indeed, in *Estelle* the Supreme Court rejected a prisoner's Eighth Amendment claim that prison doctors should have done more by way of diagnosis and treatment after he injured his back, and emphasized that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and "does not represent cruel and unusual punishment." 429 U.S. at 107.

The same is true here as to Plaintiff's alleged denial of "adequate pain medication." (*See* Compl. 2); *Toguchi*, 391 F.3d at 1058 (rejecting prisoner's Eighth Amendment claim that "Seroquel is superior to Triafon" as a mere "difference of medical opinion" insufficient to show deliberate indifference). "While plaintiff is certainly free to refuse specific medications or types of medication, he does not have a right to dictate what medications he will be prescribed." *Peacock v. Horowitz*, No. 2:13-CV-2506-TLN-ACP, 2016 WL 3940346, at *7 (E.D. Cal. July 21, 2016) (citing *Stiltner v. Rhay*, 371 F.2d 420, 421 n.3 (9th Cir. 1967)).

Accordingly, the Court finds that Plaintiff has failed to adequate allege an Eighth Amendment claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Wilhelm,* 680 F.3d at 1121. Because he is proceeding without counsel, however, the Court having now provided him with "notice of

8

3:18-cv-00243-JLS-JLB

the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend it. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $7.33 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: March 29, 2018

Hon. Janis L. Sammartino
United States District Judge