UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN, CDCR #AM-6145, Plaintiff, vs. RYAN BARENCHI, Doctor CMO, et al., Defendants. | Case No.: 3:18-cv-00243-JLS-JLB **ORDER GRANTING MOTION FOR EXTENSION OF TIME TO AMEND** (ECF No. 6) |

Plaintiff Kevin Hagan, incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, proceeding pro se in this civil rights action, filed a Complaint pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2).

On March 29, 2018, the Court granted Plaintiff leave to proceed IFP, conducted its mandatory initial screening of Plaintiff's Complaint, and dismissed it sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 4). The Court also granted Plaintiff 45 days leave in which to file an Amended Complaint that addressed the deficiencies of pleading it identified. (*Id.* at 5–10); *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave

to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured." (citations omitted)).

On May 9, 2018, several days before his Amended Complaint was due, Plaintiff filed an ex parte Motion in which he requests an additional 30 days leave in which to comply with the Court's March 29, 2018 Order, and a "courtesy copy" of his original Complaint "because without it [he] cannot amend." (*See* ECF No. 6, at 1–2).

## I. Motion for Extension of Time

Plaintiff's request for an extension of time was timely filed and he is still proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Plaintiff requests an additional 30 days in which submit his Amended Complaint because he "was transferred to a mental health crisis bed and [was] separated from all his property[,] including anything legal." (*See* ECF No. 6, at 2.) He also requests that the Clerk of Court provide him with a copy of his original Complaint "in order to file the amended one." (*Id.*)

"'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Therefore, under the circumstances described by Plaintiff, the Court finds good cause exists to support both his requests.[1]

---

[1] Plaintiff is cautioned, however, that his IFP status does *not* include the right to have any document submitted for filing photocopied and provided to him at government expense. *See e.g., Tedder v. Odel,*, 890 F.2d 210, 211 (9th Cir. 1989) (28 U.S.C. § 1915 does not waive costs of litigation other than the filing of the complaint and service of process); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the litigant a right to have documents copied and returned to him at government

## II. Conclusion and Order

Accordingly, the Court:

1) **GRANTS** Plaintiff's Motion for an Extension of Time to File an Amended Complaint, (ECF No. 6). Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than <u>Monday, June 18, 2018</u>. Plaintiff's Amended Complaint must address all the deficiencies of pleading previously identified in the Court's March 29, 2018 Order (ECF No. 4), and must be complete in itself without reference to his original Complaint. *See* Civ. L. R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2) **DIRECTS** the Clerk of Court to provide Plaintiff with one complimentary copy of his original Complaint, (ECF No. 1), another copy of the Court's March 29, 2018 Order, (ECF No. 4), as well as a blank copy of the Court's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for Plaintiff's use and reference in amending. Plaintiff must include Civil Case No. 18-cv-00243 JLS (JLB) and clearly identify the pleading as his "Amended Complaint" on the first page in its caption.

3) **CAUTIONS** Plaintiff that should he fail to file his Amended Complaint on or before <u>June 18, 2018</u>, the Court will enter a final order dismissing his case without prejudice based on his previous failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and based in his failure to prosecute in compliance with a Court order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169

---

expense."). Therefore, should Plaintiff wish to access any future documents, he must make and retain his own copies before he submits them to the Clerk of Court for filing.

(9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."); *Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED**.

Dated: May 10, 2018

Hon. Janis L. Sammartino
United States District Judge