UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HAGAN,<br>CDCR #AM-6145,<br><br>                                   Plaintiff,<br>     vs.<br><br>RYAN BARENCHI, Doctor CMO, et al.,<br>                                 Defendants. | Case No. 3:18-cv-00243-JLS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Kevin Hagan, incarcerated Richard J. Donovan Correctional Facility in San Diego, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983.

**I.    Procedural History**

At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2).

On March 29, 2018, the Court granted Plaintiff leave to proceed *IFP*, conducted its mandatory initial screening of Plaintiff's Complaint, and dismissed it sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 4).

The Court also granted Plaintiff 45 days leave in which to file an Amended Complaint that addressed the deficiencies identified. (*Id.* at 5–10); *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

Several days before his Amended Complaint was due, Plaintiff filed an ex parte Motion requesting an extension of time in which to comply with the Court's March 29, 2018 Order, and a "courtesy copy" of his original Complaint. (*See* ECF No. 6 at 1–2). On May 10, 2018, the Court directed the Clerk of the Court to provide Plaintiff with a complimentary copy of his original Complaint, as well as a blank copy of the Court's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use and convenience in amending, and granted his request for an extension of time. Plaintiff was given until June 18, 2018, to file his Amended Complaint, and reminded that his failure to do so would result in the dismissal of his case. (*See* ECF No. 7 at 3–4).

Almost three months have passed since the Court's March 29, 2018 Order, and more than a week has gone by since Plaintiff's Amended Complaint was due. Plaintiff has failed to amend and has not requested a second extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety **WITHOUT PREJUDICE** based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's March 29, 2018, and May 10, 2018 Orders (*See* ECF Nos. 4, 7).

///

| | |
|---|---|
| 1 | The Court further **CERTIFIES** that an *IFP* appeal would not be taken in good faith |
| 2 | pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of |
| 3 | dismissal and close the file. |
| 4 | **IT IS SO ORDERED**. |
| 5 | Dated: June 29, 2018 |

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge